# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| DEATRIC LAMONT SAIN, #59698, | ) ) ) | |
| Petitioner, | ) ) | No. 3:18-cv-00021 |
| v. | ) ) ) | CHIEF JUDGE CRENSHAW |
| TENNESSEE STATE OF, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION

Deatric Lamont Sain, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, has filed a pro se, in forma pauperis motion for habeas corpus relief. (Doc. No. 1 at 1).

Petitioner filed his motion pursuant to 28 U.S.C. § 2255 (id. at 2) but also refers to his cause of action as an "appeal" of two Tennessee state criminal convictions. (Id. at 1, 4). He asks the Court to "entertain . . . [his] successive petition." (Id. at 6). According to Petitioner, he committed one criminal violation but was charged with violating two different state statutes; therefore, his convictions are "illegal." (Id. at 4). He alleges that he received ineffective of assistance in counsel when his attorney advised him to enter guilty pleas. (Id. at 5). As relief, he asks the Court to invalidate his sentences and award him pre-trial credits. (Id. at 6).

Before a second or successive petition for a writ of habeas corpus may be adjudicated in the district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The Court has been unable to locate records of any prior petitions filed by Petitioner challenging a state or federal conviction. As the instant petition appears to be Petitioner's first petition challenging his state court convictions,

1

Petitioner need not request permission to file a second or successive habeas petition.

Section 2255, the statute under which Petitioner filed his motion, pertains only to federal prisoners. However, Petitioner's motion only mentions state criminal convictions. Because Petitioner appears to be a state prisoner serving a sentence of imprisonment for one or more state criminal convictions, § 2255 is inapplicable.

A petition brought under 28 U.S.C. § 2254 challenges the constitutionality of a conviction and sentence arising out of a state criminal action. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999); 28 U.S.C. § 2254(a). However, it is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(B); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509 (1982). Therefore, any alleged constitutional deprivation must be asserted through the state appellate process before a petitioner seeks habeas corpus relief in federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." Id. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Based on the record before the Court, Petitioner has not met his burden of establishing that he exhausted all available state court remedies prior to seeking habeas corpus relief in this Court. His motion fails to identify any state trial court or appellate action initiated or completed by Petitioner regarding the claims of his motion. Consequently, his motion, if construed as a federal habeas petition pursuant to § 2254, must be dismissed without prejudice until the Petitioner properly exhausts his state court remedies. Rose, 455 U.S. at 522.

Likewise, Petitioner's request seeking his immediate release from custody must be denied. This Court is without authority to release Petitioner from custody at this time.

In summary, Petitioner's motion was inappropriately filed pursuant to § 2255 because Petitioner is not challenging a federal conviction. However, even if the Court construes Petitioner's motion as a petition filed pursuant to § 2254 challenging the constitutionality of a conviction and sentence arising out of a state criminal action, the record does not demonstrate that Petitioner has exhausted his state court remedies prior to seeking relief in this court. Therefore, the petition must be denied, and this case must be dismissed without prejudice to refile upon the exhaustion of Petitioner's state court remedies. Petitioner's request seeking his immediate release from custody must be denied.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE